UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:19-CR-269-SDJ |
| | § | |
| DAVID GARCIA RUIZ (1) | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant David Garcia Ruiz's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). (Dkt. #75). The Government has filed a response in opposition. (Dkt. #78). Having considered the parties' filings, the record, and the applicable law, the Court **DENIES** Ruiz's motion.

### I. BACKGROUND

Ruiz is currently serving an 84-month term of imprisonment at FCI Allenwood Medium for conspiracy to possess with the intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846. His anticipated release date is May 8, 2025. Citing risks to his health associated with the COVID-19 pandemic and relying on 18 U.S.C. § 3582(c)(1)(A), Ruiz requests that the Court reduce his sentence, presumably to time served and order him released from prison.

### II. DISCUSSION

**A. 18 U.S.C. § 3582(c)(1)(A)**

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683,

1

177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A)(i), commonly referred to as compassionate release.

Section 3582(c) was enacted as part of the Sentencing Reform Act of 1984. Under the first iteration of the relevant provision, district courts were authorized to grant sentence reductions on the motion of the Director of the Bureau of Prisons ("BOP") if the BOP could establish the following conditions: (1) extraordinary and compelling reasons warranted a sentence reduction; (2) a reduction would be consistent with the applicable policy statements of the Sentencing Commission; and (3) a sentence reduction was warranted after consideration of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Notably, Congress did not define "extraordinary and compelling reasons" or otherwise indicate how that phrase should be interpreted other than to specify that rehabilitation alone did not qualify. *Id.* (quoting 28 U.S.C. § 994(t)). Instead, Congress delegated that authority to the Sentencing Commission, directing it to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The Sentencing Commission eventually followed Congress's direction to define "extraordinary and compelling reasons" and promulgated U.S.S.G. § 1B1.13. In application note 1 to Section 1B1.13, the Sentencing Commission described what circumstances constitute "extraordinary and compelling reasons" for purposes of

Section 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13 cmt. n.1. The Sentencing Commission essentially created four categories of "extraordinary and compelling reasons," which can broadly be characterized as: (1) circumstances arising from certain medical conditions; (2) circumstances arising from the age of the defendant; (3) issues arising from the defendant's family circumstances; and (4) other reasons that the BOP agrees are extraordinary and compelling in a specific case. *Id.* And because Section 3582(c)(1)(A) requires that any sentence reduction be consistent with the Sentencing Commission's policy statements issued pursuant to Section 994(t), the policy statements contained in Section 1B1.13 were binding on district courts considering Section 3582(c)(1)(A)(i) motions. *See United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (holding that the Sentencing Commission's policy statements issued pursuant to 28 U.S.C. § 994 are binding on district courts when considering motions brought under 18 U.S.C. § 3582(c)).

In 2018, Congress amended Section 3582(c)(1)(A) with the passage of the First Step Act. The amendment provided that, in cases where the BOP does not file a compassionate-release motion on the prisoner's behalf, the prisoner may personally file a motion for compassionate release. *Shkambi*, 993 F.3d at 391–92. This was the First Step Act's only change to the compassionate-release framework. *Id.* at 391. Thus, while prisoners, in addition to the BOP, may now file motions for compassionate release, Section 3582(c)(1)(A)(i)'s substantive requirements that govern a prisoner's entitlement to release remain the same. *See id.* at 392 ("But the [First Step Act] left undisturbed the other three § 3582 requirements.").

Following the First Step Act's expansion of who may file a motion under Section 3582(c)(1)(A), courts were confronted with the question of whether the Sentencing Commission's definition of "extraordinary and compelling reasons," which was promulgated prior to the First Step Act when such motions could only be filed by the BOP, remained binding on district courts when considering compassionate-release motions. The Fifth Circuit addressed this question in *Shkambi*, holding that, while U.S.S.G. § 1B1.13 is a policy statement applicable to Section 3582(c)(1)(A) motions filed by the BOP, it is inapplicable to Section 3582(c)(1)(A) motions filed by prisoners. 993 F.3d at 392.[1] Accordingly, while U.S.S.G. § 1B1.13 dictates the meaning of "extraordinary and compelling reasons" when a Section 3582(c)(1)(A) motion is filed by the BOP on a prisoner's behalf, it does not do so when, as here, a Section 3582(c)(1)(A) motion is filed by a prisoner himself. *See id.* ("[T]he policy statement continues to govern where it says it governs—on the motion of the Director of the Bureau of Prisons. But it does not govern here—on the newly authorized motion of a prisoner." (quotation omitted)). Therefore, when a prisoner files a compassionate-release motion, courts must determine what constitutes an "extraordinary and compelling reason" under Section 3582(c)(1)(A)(i).

---

[1] Several other circuits have similarly concluded that U.S.S.G. § 1B1.13 is inapplicable to such compassionate-release motions filed by prisoners. *See, e.g.*, *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020). *But see United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that U.S.S.G. § 1B1.13 is an applicable, binding policy statement for all Section 3582(c)(1)(A) motions).

**B. Extraordinary and Compelling Reasons**

Though the Court is not bound by the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 and its accompanying application notes when considering compassionate-release motions filed by prisoners, the policy statement is not wholly irrelevant. Courts should still look to the policy statement for guidance in determining what constitutes an "extraordinary and compelling reason" for a sentence reduction when a prisoner files a compassionate-release motion. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to the United States Sentencing Guidelines ('U.S.S.G.') § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *see also, e.g.*, *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused."). Using the policy statement as guidance when considering prisoner-filed compassionate-release motions is warranted for several reasons.

First, whether a compassionate-release motion is filed by the BOP or a defendant, the statutory standard governing the motion is the same. Section 3582(c)(1)(A) provides that its requirements for obtaining a sentence reduction apply "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). And as noted above, the First Step Act did not change Section 3582(c)(1)(A)'s substantive requirements. Thus, a policy

5

statement defining "extraordinary and compelling reasons" in the context of BOP-filed motions necessarily informs what "extraordinary and compelling" means in the context of defendant-filed motions because the same standard governs both motions. In other words, Section 3582(c)(1)(A)(i)'s "extraordinary and compelling reasons" phrase does not implicate shifting substantive meanings depending on who invokes the statute.

Congress's application of a single standard to govern Section 3582(c)(1)(A) motions—whether filed by the BOP or by defendants—is also evident in Section 3582(c)(1)(A)'s exhaustion requirement. Before a prisoner can file a compassionate-release motion, he must first present his case to the BOP and request that the BOP file the motion on his behalf. *See* 18 U.S.C. § 3582(c)(1)(A). Fulfilling this exhaustion requirement would be a nonsensical exercise if the standard governing the defendant's entitlement to release varied significantly depending on whether the BOP grants the defendant's request. Defendants would request compassionate release based on the interpretation of "extraordinary and compelling reasons" applicable to their motions while the BOP would evaluate such requests based on the interpretation applicable to its motions. The fact that defendants must first ask the BOP to file their compassionate-release motions before doing it themselves indicates that Congress intended no significant substantive distinction between BOP-filed and defendant-filed motions under Section 3582(c)(1)(A).

Using U.S.S.G. § 1B1.13 and its commentary as guidance to determine what is extraordinary and compelling in defendant-filed motions is further warranted by

6

Congress's mandate that the Sentencing Commission, rather than courts, determine what constitute "extraordinary and compelling reasons" warranting a sentence reduction under Section 3582(c)(1)(A)(i). *See* 28 U.S.C. § 994(t) (directing the Sentencing Commission to issue policy statements describing what constitute extraordinary and compelling reasons under Section 3582(c)(1)(A)); *Garcia*, 655 F.3d at 435 (concluding that Congress intended the Sentencing Commission's policy statements to be binding on courts in Section 3582(c) proceedings). To be sure, the Fifth Circuit has held that there is no binding policy statement applicable here because the Sentencing Commission has yet to amend its guidelines to account for the fact that defendants can now file compassionate-release motions. *See Shkambi*, 993 F.3d at 392. But Section 1B1.13 and its commentary still provide substantial insight into what the Sentencing Commission considers to be an "extraordinary and compelling reason" because the statutory standard the Sentencing Commission was applying when it promulgated Section 1B1.13 has not changed.

Nor does Section 1B1.13 become useless as guidance for defendant-filed compassionate-release motions simply because its terms state that it applies to motions brought by the Director of the BOP. Section 1B1.13 and its accompanying application notes "provide a working definition of 'extraordinary and compelling reasons'"—the standard that applies equally to BOP motions and prisoner motions. *Gunn*, 980 F.3d at 1180. Indeed, when the Sentencing Commission promulgated Section 1B1.13, its intent was not to specify a unique standard for BOP motions but rather to define "extraordinary and compelling reasons" for purposes of

7

Section 3582(c)(1)(A). 28 U.S.C. § 994(t) does not direct the Sentencing Commission to adopt standards governing prisoner motions and standards governing BOP motions. Rather, Section 994(t) directs the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under Section 3582(c)(1)(A). And as the Sentencing Commission itself has explained, U.S.S.G. § 1B1.13 and its application notes constitute the Commission's implementation of Section 994(t)'s directive. *See* U.S.S.G. § 1B1.13 cmt. background ("This policy statement implements 28 U.S.C. § 994(a)(2) and (t)."). Because Section 3582(c)(1)(A) governs BOP motions and prisoner motions alike, the Sentencing Commission's definition of Section 3582(c)(1)(A)'s terms is instructive when considering a prisoner's motion brought under Section 3582(c)(1)(A)(i).

For these reasons, the Court concludes that the "extraordinary and compelling reasons" applicable to defendant-filed motions are those that are similar in kind and scope to those listed in U.S.S.G. § 1B1.13's application notes. Therefore, any proffered "extraordinary and compelling reason" that is not contained in the Sentencing Commission's policy statement should nonetheless be similar to those reasons in order to warrant release under the statute. In this sense, the Court's analysis of whether Ruiz has presented "extraordinary and compelling reasons" warranting the sentence reduction he seeks will be significantly guided, though not strictly bound, by the Sentencing Commission's description in U.S.S.G. § 1B1.13 and the accompanying application notes.

**C. Ruiz's Motion**

**1. Exhaustion**

As an initial matter, the Court may consider Ruiz's compassionate-release motion only if he first meets Section 3582(c)(1)(A)'s exhaustion requirement. A court may not consider any modification to a defendant's sentence under Section 3582(c)(1)(A)(i) unless a motion for such a modification is made by the Director of the BOP or by a defendant who has fully exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Ruiz has not met the exhaustion requirement because his motion makes no mention of requesting compassionate release from the warden of his facility and provides no evidence that he has done so. *See* 28 C.F.R. § 571.61(a) (providing that a prisoner's Section 3582(c)(1)(A) request for compassionate release must be submitted to the warden of his or her facility). On these grounds alone, Ruiz's motion is denied.

**2. "Extraordinary and Compelling Reasons" Warranting Release**

Even if Ruiz had satisfied the threshold exhaustion requirement, his motion must still be denied because he has failed to present "extraordinary and compelling reasons" within the meaning of Section 3582(c)(1)(A)(i). Ruiz argues that the COVID-19 public-health crisis, and in particular, the "overwhelming" infection rate of the virus at his institution, (Dkt. #75 at 4), constitutes an extraordinary and compelling reason warranting his release. As explained above, the Court first looks to the Sentencing Commission's definition of "extraordinary and compelling reasons" contained in U.S.S.G. § 1B1.13 and its application notes.

9

Ruiz's circumstances do not fall within the first category of "extraordinary and compelling reasons" identified by the Sentencing Commission—circumstances arising from certain medical conditions. Section 1B1.13's application note 1 provides the following two circumstances under which a defendant's medical condition may warrant a sentence reduction:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A). Although Ruiz asserts that prison conditions make him uniquely susceptible to the risks of COVID-19, he does not show that these conditions render him unable to engage in self-care. Thus his argument does not comport with the plain text of application note 1 to U.S.S.G. § 1B1.13. The note is also written in the present tense. That is, the defendant must be presently suffering from a serious medical condition and such condition must presently diminish the defendant's capacity to engage in self-care in the environment of a correctional

facility. By contrast, Ruiz's motion relies on the risk of his contracting COVID-19 in the future and the risk that COVID-19 would have serious effects on him.

Because the Fifth Circuit has held that the Sentencing Commission's definition of "extraordinary and compelling reasons" governs Section 3582(c)(1)(A)(i) motions only when such motions are filed by the BOP, Ruiz's failure to show that his circumstances fall within those described by the Sentencing Commission is not fatal to his motion. But as discussed above, the Court still looks to the Sentencing Commission's definition of "extraordinary and compelling reasons" as significant guidance in construing that phrase as to defendant-filed motions. *See Thompson*, 984 F.3d at 433 (noting that the Sentencing Commission's commentary "informs [the] analysis" as to what constitute "extraordinary and compelling reasons" for defendant-filed compassionate-release motions). Accordingly, Ruiz's allegedly extraordinary and compelling reasons should be similar in kind to those enumerated by the Sentencing Commission.

The reasons Ruiz asserts as a basis for his release are unlike any of the reasons enumerated by the Sentencing Commissions in its commentary to U.S.S.G. § 1B1.13. The circumstances in application note 1 all include significant hardships that are *presently* affecting the defendant, including where a medical condition or the aging process is presently causing the significant health problems or where the defendant has minor children or an incapacitated spouse who are presently left without a caregiver because of the defendant's incarceration. By contrast, Ruiz argues that he should be released because incarceration increases his risk of contracting COVID-19.

11

Of course, Ruiz's infection with COVID-19 is not guaranteed. Ruiz's motion does not identify any specific, significant hardship that he presently faces; rather, the motion raises only the concern that Ruiz is at risk for developing a significant hardship in the future *if* he contracts COVID-19. There is no analogous provision in Section 1B1.13 or its commentary where the increased *risk* of hardship caused by incarceration is considered an "extraordinary and compelling reason" as that phrase is used in 18 U.S.C. § 3582(c)(1)(A)(i).

Moreover, Ruiz's alleged concerns turn on his assertion that the United States remains in the midst of a COVID-19 pandemic. This is no longer true. Both international and domestic health authorities, particularly the World Health Organization,[2] the United States Centers for Disease Control and Prevention,[3] and the federal government,[4] have made clear that the COVID-19 pandemic has ended.[5]

---

[2] *Statement on the Fifteenth Meeting of the IHR (2005) Emergency Committee on the COVID-19 Pandemic*, WORLD HEALTH ORG. (May 5, 2023), https://www.who.int/news/item/05-05-2023-statement-on-the-fifteenth-meeting-of-the-international-health-regulations-(2005)-emergency-committee-regarding-the-coronavirus-disease-(covid-19)-pandemic [https://perma.cc/MR64-X7UV]; Aria Bendix, *WHO Declares End to Covid Global Health Emergency*, NBC NEWS (May 5, 2023), https://www.nbcnews.com/health/health-news/who-ends-covid-global-health-emergency-rcna83046 [https://perma.cc/ZP2G-K7TH].

[3] *End of the Federal COVID-19 Public Health Emergency (PHE) Declaration*, CTRS. FOR DISEASE CONTROL & PREVENTION (May 5, 2023), https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html#:~:text=The%20federal%20COVID-19%20PHE,share%20certain%20data%20will%20change [https://perma.cc/3S43-2VNT].

[4] *See* National Emergencies Act, PL 118-3, April 10, 2023, 137 Stat 6.

[5] *See also United States v. Ford*, No. 1:16-CR-19-HAB, 2023 WL 3477168, at *5 (N.D. Ind. May 15, 2023) (noting that "on May 11, 2023, the federal government ended the COVID-19 Public Health Emergency based on widespread prevention and control measures like vaccination." (quotations omitted)).

12

Thus, the premise of Ruiz's claim—namely, that the COVID-19 pandemic itself constitutes an "extraordinary and compelling reason" for his compassionate release—–lacks any foundation going forward. Likewise, any residual risk that Ruiz faces from the virus is too speculative to constitute an extraordinary and compelling reason for release within the meaning of Section 3582(c)(1)(A)(i). And because Section 3582(c)(1)(a)(i) authorizes sentence reductions only for "extraordinary and compelling reasons" within the meaning of the statute, Ruiz's motion cannot be granted.

### 3. Section 3553(a) Factors

Even if Ruiz could establish that "extraordinary and compelling reasons" warrant his release, his motion for compassionate release would still fail because the sentencing factors under 18 U.S.C. § 3553(a) weigh against him. Ruiz has failed to show how releasing him before he serves the full term (or a much more significant portion) of his sentence would align with the statutory sentencing factors—notably the seriousness of his offense, the need to promote respect for the law, the need to provide just punishment for the offense, and the need to deter others from similar criminality. 18 U.S.C. § 3553(a).

Ruiz was a participant in a drug-trafficking conspiracy. (Dkt. #68 ¶¶ 5–12). At the time of his arrest, he was found in possession of roughly 117 grams of methamphetamine. (Dkt. #68 ¶¶ 9–11). Ruiz subsequently pleaded guilty to conspiracy to possess with the intent to manufacture and distribute methamphetamine. (Dkt. #68 ¶¶ 1–2).

The Court recognizes that Ruiz has been misconduct-free while incarcerated and appears to have maintained good relationships with his family members. And the Court commends him for doing so. But Ruiz has completed only a little over half of his sentence and still has nearly two years remaining before he is scheduled for release. Ruiz fails to show how his early release for a serious drug crime would adequately reflect the nature of his offense, promote respect for the law, and provide just punishment. Considering all the relevant factors, the Court concludes that the sentence originally imposed remains sufficient, but not greater than necessary, to comply with the purposes of Section 3553(a). Ruiz's motion is also denied on this basis.

### III. CONCLUSION

For the foregoing reasons, Defendant David Garcia Ruiz's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), (Dkt. #75), is **DENIED**.

**So ORDERED and SIGNED this 24th day of May, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE